931 F.2d 894
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John L. CHAIF, Defendant-Appellant.
 No. 90-6073.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1991.
 
 Before RALPH B. GUY JR. and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendant, John Leslie Chaif, appeals his jury conviction and sentence for armed bank robbery and use of a firearm during the commission of a crime, in violation of 18 U.S.C. Secs. 2113(d) and 924(c). Based upon the following, we shall affirm.
 
 I.
 
 2
 Chaif was indicted on five counts of armed bank robbery, in violation of 18 U.S.C. Secs. 2113(d) and 924(c), for five bank robberies which occurred in or around Memphis, Tennessee between March 1989 and July 1989. In all of the bank robberies, surveillance cameras took photographs of the robber(s); and, during the June 19 and July 6 robberies, "bait money"--money which has its serial numbers recorded--was taken by the robber(s). Furthermore, in each robbery, the robber(s) wore disguises consisting of masks, wigs, beards, and sunglasses, and were carrying weapons. Moreover, during the June 7 robbery, the bank manager witnessed the robbers get into a car which had a white, with red lettering, carpet cleaning sign on the passenger side door. Similarly, during the July 6 robbery, a bank customer followed the robbers out of the bank, witnessed one of them peel off a piece of magnetic material from the "getaway car," and recorded the license plate number.
 
 
 3
 Chaif was linked to these five robberies after his arrest on July 6, 1989, when he attempted to board an airplane in St. Louis, Missouri. Although Chaif's airline ticket was issued in the name of George Morrison, he identified himself as David Whittliff. Chaif was arrested after an airport technician found a knife in between a stack of money, a .38 caliber handgun, and a film box containing bullets in Chaif's suitcase. A portion of the money found was part of the "bait money" which had been taken from the June 19 and July 6 bank robberies.
 
 
 4
 When inventorying Chaif's suitcase, police officers found a lease, in the name of George Morrison, for a storage bin at the U-Store Mini Warehouse in Memphis, Tennessee. A search of this storage facility revealed several items which the robbers had used, such as: a white 1978 Pontiac Bonneville, a white magnetic stick-on carpet cleaning sign with red letters, several masks, beards, wigs, baseball hats, guns, ammunition, and a bulletproof vest resembling a ski jacket.
 
 
 5
 Following a trial, Chaif was found guilty on all counts. He was sentenced to concurrent terms of 108 months imprisonment on each count of armed bank robbery, and to 60 months for the firearm offense, to run consecutively. In sentencing Chaif, the district court departed upward from the Sentencing Guidelines based upon Chaif's 1983 Canadian conviction for first-degree murder and subsequent escape from a Canadian prison.
 
 II.
 A.
 
 6
 Chaif claims that his convictions for bank robbery, in violation of 18 U.S.C. Sec. 2113(d), are not supported by sufficient evidence. However, we find that after viewing the evidence in the light most favorable to the prosecution, not only is the evidence against Chaif substantial, it is overwhelming. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 7
 With respect to all of the bank robberies, the masks, beards and wigs that were recovered from the storage unit in Memphis were identical to the items used by the robbers in all of the bank robberies. Moreover, the getaway car and the magnetic sign seen on the car were found in the storage facility. Additionally, a bank customer from one of the robberies positively identified Chaif as one of the robbers. We find that this evidence is more than sufficient to support the guilty verdicts.
 
 B.
 
 8
 Chaif argues that the district court improperly departed upward from the Sentencing Guidelines when imposing his sentence because the court imposed concurrent sentences of 108 months for the robbery convictions even though Chaif's offense level was 27 and his criminal history category was I, and the corresponding punishment range was 70 to 87 months.
 
 
 9
 Under Sec. 4A1.3 of the Guidelines, a district court may depart upward and consider foreign convictions if it believes that a defendant's criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct. The district court in this case felt that an upward departure was warranted because, in 1983, Chaif was convicted of first-degree murder in Canada and had escaped from a Canadian prison in 1988. If these crimes had been committed in the United States, Chaif's criminal history category would have been at level VI, and under the Guidelines, the range of punishment would have been between 87 to 108 months.
 
 
 10
 Because Chaif's sentence is not higher than it would have been had the murder conviction occurred in the United States, we find that the district court's upward departure was not an abuse of discretion; therefore, we affirm.
 
 III.
 
 11
 For the foregoing reasons, we AFFIRM Chaif's conviction and sentence.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation